# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHMUEL EISENBACH<br><br>v.<br><br>ERNST & YOUNG U.S. LLP | CIVIL ACTION<br><br>NO. 18-1679 |

**Baylson J.**                                                                                                                              **October 15, 2018**

## MEMORANDUM RE: MOTION TO COMPEL ARBITRATION

In this case, Plaintiff Shmuel Eisenbach alleges he was wrongfully terminated from his management position at Ernst & Young U.S. LLP in violation of Title VII, the Pennsylvania Human Relations Act ("PHRA"), Medical Leave Act ("FMLA") and the Pennsylvania Fair Practices Ordinance ("PFPO").

Presently before the Court is Defendant Ernst & Young U.S. LLP's Motion to Compel Arbitration under the Federal Arbitration Act ("FAA"). (Def. Mot. to Compel, ECF 5.) Defendant claims that Caruso signed an arbitration agreement that applies to his claim. Under the Supreme Court's decision in Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63 (2010), Defendant's motion is granted.

### I. Facts and Procedural History

Taking Plaintiff's allegations as true, the factual background is as follows. Eisenbach was hired by Ernst & Young Israel in June of 2006. (Compl., ECF 1 at ¶ 16; Barton Decl., Ex 2, ECF 5-4 at 2) (hereinafter "Offer Letter.") On March 18, 2014, he was sent an offer letter for the position of Senior Manager in the Advisory Services Practice in Ernst & Young's Philadelphia office. (Offer Letter at 2-3.) The letter stated that:

> This offer is contingent upon your agreement that any dispute, controversy or claim (as defined in the EY Common Ground Dispute Resolution Program[)] arising between you and EY will be submitted first to mediation and, if mediation is unsuccessful, then to binding arbitration in accordance with the terms and conditions set forth in AA7523, which describes EY's Common Ground Dispute Resolution Program. By signing this offer, you acknowledge that you have read and understand the EY Common Ground Dispute Resolution Program (AA7523) and that you shall abide by it.

(Offer Letter at 5.)

On March 19, 2014, Eisenbach signed an employment agreement with Ernst & Young. (Barton Decl., Ex. 3; ECF 5-5). Language in the agreement, included in a section entitled "Alternative Dispute Resolution," mirrored the offer letter. (Id. at 3.) A link was provided to the Policy and Practice Statement of the Common Ground program, Ernst & Young's arbitration program, within the Offer Letter; a copy of the Statement was attached to the Employment Agreement.

Following the birth of his child on February 7, 2016, Eisenbach took a leave of absence under FMLA from February 8, 2016 through February 22, 2016. (Compl. ¶ 18-19.) On or about May 4, 2016, Eisenbach requested an additional leave of absence under FMLA. (Id. at ¶ 20.) He was terminated six days later, on or about May 10, 2016. (Id. at ¶ 21.) Although Defendant's justification for the termination was "poor performance," Eisenbach asserts that his sex was "a motivating and/or determinative factor in the decision to terminate his employment," and contends that his employer's stated reason was pretextual. (Id. at ¶ 22, 25, 26.)

Plaintiff filed a claim with the EEOC on October 28, 2016 and was given a Right to Sue letter on January 23, 2018. (Compl., Ex. A & B.) His federal claim, alleging discrimination in violation of Title VII, PHRA, FLMA, and PFPO was filed in federal court on February 20, 2018. (Compl.) We held oral argument on this motion on October 11, 2018.

## II. Legal Standard

The FAA, which governs the arbitration and arbitrability of disputes, provides that as a matter of federal law, "[a] written provision" in a commercial contract evidencing an intention to settle disputes by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Because the FAA is reflective of a strong federal policy favoring arbitration, courts must "rigorously enforce agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985). The FAA places arbitration agreements on equal footing with respect to other contracts; therefore, arbitration agreements can be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (quoting Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687 (1996)).

In Rent-A-Center, the Supreme Court held that when a party challenges an arbitration agreement as a whole, rather than specifically contesting the delegation of authority to the arbitrator, the enforceability and applicability of the arbitration clause are to be decided by the arbitrator. 561 U.S. at 72. The Third Circuit relied on Rent-A-Center in its decision in South Jersey Sanitation, 840 F.3d 138 (3d Cir. 2016). There, the Court held that, notwithstanding the plaintiff's characterization of his argument as a challenge to the agreement to arbitrate specifically, plaintiff had actually challenged the contract as a whole. 840 F.3d at 144. Therefore, the Court enforced the agreement to arbitrate, holding that the gateway issue of arbitrability was for the arbitrator to decide, as provided by the agreement. Id. at 143-144.

Three recent cases decided by this Court applied the principles of S. Jersey Sanitation and Rent-A-Center. In Pocalyko v. Baker Tilly Virchow Crouse, LLP, defendant's motion to dismiss to proceed to arbitration was granted because neither of the arguments made by the plaintiff

challenged the agreement to arbitrate issues of arbitrability. CV 16-3637, 2016 WL 6962875 at *4 (E.D. Pa. Nov. 29, 2016). This Court held that a party challenging an arbitration provision as unconscionable must specifically argue the unconscionability of the delegation provision. Id. Similarly, in Davis v. Uber Techs., Inc., this Court granted defendant's motion to dismiss when Plaintiff did not "specifically challenge[] the unconscionability of the delegation clause that reserves the power to decide gateway issues of arbitrability to the arbitrator." No. CV 16-6122, 2017 WL 3167807 at *5 (E.D. Pa. July 25, 2017). In so holding, we analyzed Plaintiff's challenge to the unconscionability of the contract as a whole and the scope of the arbitration provision, finding that neither specifically addressed the delegation clause. Id. at *3-4. Finally, in Caruso v. J&M Windows, Inc., this Court denied a defendant's motion to dismiss without prejudice and stayed the case pending arbitration, noting that plaintiff had not challenged the delegation clause specifically so issues of arbitrability were to be delegated to the arbitrator. No. CV 18-770, 2018 WL 4579691 at *4 (E.D. Pa. Sept. 24, 2018).

### III. Contentions

Defendant argues that Plaintiff's claim should be submitted to arbitration pursuant to the signed offer letter and employment agreement, and urges this Court to defer the gateway issues of arbitrability to the arbitrator pursuant with the delegation clause within its arbitration program. (Def. Br., ECF 5-1, at 7-9.)

In response, Plaintiff contends that the arbitration clause is invalid and unenforceable because it "(1) is not signed by Defendant; (2) it was fraudulently induced; (3) it is procedurally unconscionable; and (4) it is substantively unconscionable." (Pl. Resp. at 1, ECF 6-1.) (hereinafter "Resp.") Plaintiff argues that the delegation clause is substantively unconscionable and urges us to reserve jurisdiction over the issue of arbitrability, noting that Rent-A-Center

"makes clear that arbitration agreements remain subject to contract defenses such as fraud, duress, and unconscionability." (Id. at 6, citing Rent-A-Ctr., 561 U.S. at 68.)

Defendant concedes that under Rent-A-Center, this Court can properly consider Plaintiff's argument that the delegation provision is itself unconscionable. (Reply at 3, ECF 7.)

**IV. Analysis**

We must determine whether there is a valid delegation clause, and if so, we must delegate issues of arbitrability to the arbitrator. See MacDonald v. CashCall, Inc., 883 F.3d 220, 226 (3d Cir. 2018) ("A court cannot reach the question of the arbitration agreement's enforceability unless a party challenged the delegation clause and the court concludes that the delegation clause is not enforceable.")

The relevant clause within the arbitration provision defines "disputes covered" as "[a]ll claims, controversies or other disputes between the Firm and an Employee that could otherwise be resolved by a court" which includes "[c]laims concerning application, interpretation and enforcement of the Program." (Def. Mot., Ex. 4, ECF 5-6 at 2-3.) This language plainly commits authority over issues such as arbitrability to the arbitrator. As a result, under Rent-A-Center, it is severable from the rest of the contract. Unless Plaintiff specifically challenges the severed arbitration provision, and more specifically the delegation clause, these gateway issues must be delegated to an arbitrator. Rent-A-Ctr., 561 U.S. at 70-71; Pocalyko, 2016 WL 6962875 at *5; Davis, 2017 WL 3167807 at *5.

Here, Plaintiff has specifically challenged the delegation clause in the arbitration provision. Eisenbach argues that the delegation clause is substantively unconscionable because "it submits critical issues of contract interpretation and arbitrator jurisdiction to this inherently biased forum." (Resp. at 18.) Plaintiff also contends "that a necessarily-interested arbitrator

5

could be empowered to make binding decisions relating to its own jurisdiction is grossly unfair to Plaintiff and, as such, is substantively unconscionable." (Id.)

A party seeking to invalidate a contract has the burden of establishing unconscionability. Curtis v. Cintas Corp., 229 F. Supp. 3d 312, 317 (E.D. Pa. 2017) (granting defendant's motion to stay pending arbitration because the arbitration agreement was enforceable and plaintiff did not demonstrate substantive unconscionability). A substantively unconscionable contract term is "unreasonably or grossly favorable to one side and to which the disfavored party does not assent." Id. (citing Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir. 1999)).

Plaintiff contends that the delegation clause is unconscionable as arbitration generally is "biased and not fair for the Plaintiff." (Resp. at 14.) Plaintiff cites a 1997 EEOC policy statement and a number of cases pre-dating Rent-A-Center for support. (Id. at 14-16.)[1] Plaintiff also argues that the two arbitration providers in the agreement, JAMS and the American Arbitration Association ("AAA") do not "provide plaintiffs with the necessary information to make an informed decision regarding the selection of arbitrators." (Id. at 15.) Plaintiff has not supported his argument that these organizations are inherently biased.

Although he has raised grievances with arbitration generally, Plaintiff has not demonstrated that the delegation clause in Defendant's arbitration program unreasonably or grossly favors Defendant. Accordingly, Plaintiff has failed to adequately demonstrate substantive unconscionability.

---

[1] For example, Plaintiff cites the Third Circuit's decision in Nino v. Jewelry Exch., Inc., 609 F.3d 191 (3d Cir. 2010), where the Court found that certain "unreasonable contract terms" rendered the arbitration clause unconscionable, including requirements that the employee must file a grievance within five days of the incident, that even a successful employee bear his or her own attorney's fees, costs, and expenses, and that the employer may strike two arbitrators while the employee can strike only one. 609 F.3d at 202-05. Because this case was decided before Rent-A-Center and did not involve a delegation clause, we find it inapplicable to Defendant's motion.

Finally, we find no merit to Plaintiff's claim that the arbitration agreement was fraudulently induced. During oral argument, Plaintiff's counsel informed the Court that Plaintiff electronically signed the employment agreement. Plaintiff's counsel argued that because the arbitration program had the stated intent of creating "a fair, prompt, and cost-effective mechanism for resolving disputes," and it would not do so, it was fraudulently induced. This statement, without factual support, is insufficient to demonstrate fraudulent inducement.

## V. Conclusion

For the foregoing reasons, the delegation clause is valid and issues of arbitrability shall be determined by the arbitrator. Defendant's Motion to Compel Arbitration is granted and this case is stayed pending arbitration.

O:\CIVIL 18\18-1679 Eisenbach v. Ernst & Young\18cv1679 Mtn to Compel Arb Memo.docx